United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROOF ANALYTICS AMERICAS INC, | § § § | CIVIL ACTION NO 4:23-cv-04702 |
| Plaintiff, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| NETSMARTZ LLC, Defendant. | § § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendant Netsmartz, LLC, is granted with respect to lack of personal jurisdiction. Dkt 5.

1. Background

Plaintiff Proof Analytics Americas, Inc, alleges that it entered into an agreement with Defendant Netsmartz, LLC, under which the latter "was to provide personnel for development of custom software." Dkt 1 at 14; see also id at 20–25 (agreement attached to original petition). It also alleges that Netsmartz thereafter "failed to provide 'personnel,' but instead outsourced the development to non-personnel resources." Dkt 1 at 15.

Proof Analytics sued Netsmartz in the 295th District Court of Harris County, Texas. See id at 14–17 (original petition attached to notice of removal). It asserts causes of action including breach of contract, fraud, and violation of the Texas Deceptive Trade Practices Act, while also seeking a declaratory judgment that Netsmartz was prohibited from outsourcing development under the agreement. Id at 15–17.

Netsmartz removed based on diversity jurisdiction. Id at 3–6. The notice of removal indicates that Proof Analytics is a Delaware corporation with its principal place of business in Arizona, and that Netsmartz is a New York limited liability company with its principal place of business in New York and its members domiciled in Florida, Singapore, and India. Id at 3–4. The underlying contract similarly states that the principal places of business for Proof Analytics and Netsmartz are Arizona and New York, respectively. Id at 20.

Pending is a motion by Netsmartz to dismiss for lack of personal jurisdiction, for improper venue, and for failure to state a claim. Dkt 5. Only personal jurisdiction will be addressed here because it is dispositive.

2. Legal standard

A federal court may exercise jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercising that jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *McFadin v Gerber*, 587 F3d 753, 759 (5th Cir 2009).

Challenge to personal jurisdiction proceeds under Rule 12(b)(2) of the Federal Rules of Civil Procedure. The reviewing court must accept as true uncontroverted allegations in the plaintiff's complaint. *Johnston v Multidata System International Corp*, 523 F3d 602, 609 (5th Cir 2008). But the district court isn't required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp v Potomac Electric Power Co*, 253 F3d 865, 869 (5th Cir 2001). The court may also receive "'any combination of the recognized methods of discovery,' including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis." *Little v SKF Sverige AB*, 2014 WL 710941, *2 (SD Tex), quoting *Walk Haydel & Associates Inc v Coastal Power Production Co*, 517 F3d 235, 241 (5th Cir 2008). Conflicts between any facts contained in the affidavits or other evidence submitted by the parties must be resolved in favor of the plaintiff. *Johnston*, 523 F3d at 609.

The initial burden is upon the plaintiff to present a *prima facie* case that personal jurisdiction is proper. *Quick Technologies Inc v Sage Group PLC*, 313 F3d 338, 343 (5th Cir 2002). If the plaintiff establishes the necessary minimum contacts between the defendant and the forum state, the burden then shifts to the defendant to show that the assertion of jurisdiction is "unfair and unreasonable." *Sangha v Navig8 Ship Management Private Ltd*, 882 F3d 96, 102 (5th Cir 2018), citing *Wien Air Alaska Inc v Brandt*, 195 F3d 208, 215 (5th Cir 1999). Such a showing must be "'compelling.'" *Sangha*, 882 F3d at 102, quoting *Burger King Corp v Rudzewicz*, 471 US 462, 477 (1985). Whether jurisdiction is *fair and reasonable* itself requires consideration of five factors, being (i) the burden on the nonresident defendant of having to defend itself in the forum, (ii) the interests of the forum state in the case, (iii) the interest of the plaintiff in obtaining convenient and effective relief, (iv) the interest of the interstate judicial system in the most efficient resolution of controversies, and (v) the shared interests of the states in furthering fundamental social policies. *Sangha*, 882 F3d at 102.

  3. Analysis

The long-arm statute of Texas provides for jurisdiction over a nonresident who (i) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in Texas, (ii) commits a tort in whole or in part in Texas, or (iii) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. Texas Civil Practice and Remedies Code §17.042. The Fifth Circuit holds that this confers jurisdiction to the limits of due process. *Latshaw v Johnston*, 167 F3d 208, 211 (5th Cir 1999). This means that "the two-step inquiry collapses into one federal due process analysis." *Johnston*, 523 F3d at 609.

Federal due process permits personal jurisdiction over a nonresident defendant who has *minimum contacts* with the forum state, so long as the exercise of jurisdiction doesn't offend "traditional notions of fair play and

3

substantial justice." Ibid. Such contacts may establish either general or specific jurisdiction, as explained below.

The notice of removal states without dispute that Netsmartz is a New York limited liability company with its principal place of business in New York and its members domiciled in Florida, Singapore, and India. Id at 4. The burden is thus on Proof Analytics in the first instance to show that Netsmartz has sufficient minimum contacts with Texas to establish either general or specific jurisdiction.

a. General jurisdiction

A federal court has *general jurisdiction* over a nonresident defendant "to hear any and all claims" if that defendant's contacts with the state are so "continuous and systematic" as to render it "essentially at home" in the forum state. *Daimler AG v Bauman*, 571 US 117, 127 (2014), quoting *Goodyear Dunlop Tires Operations SA v Brown*, 564 US 915, 919 (2011). This is a difficult showing to make, requiring "extensive contacts between a defendant and a forum." *Johnston*, 523 F3d at 609, quoting *Submersible Systems Inc v Perforadora Central SA*, 249 F3d 413, 419 (5th Cir 2001) (quotation marks omitted). Indeed, "with respect to a corporation," the Supreme Court holds that "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 571 US at 137 (quotation omitted). Only in an "exceptional case" will a corporation's operations in a state in some other respect be so substantial as to render the corporation at home. Id at 139 n 19.

Proof Analytics refers to general jurisdiction in its response. Dkt 12 at 5. But it in no way seeks to establish the requisite *continuous and systematic* contacts that might indicate that Netsmartz is somehow *at home* in Texas. Nor could it. Netsmartz is a New York limited liability company with its principal place of business also in New York. Dkt 1 at 3–4. As the Fifth Circuit observes, "in order to confer general jurisdiction a defendant must have a business presence *in* Texas. It is not enough that a

4

corporation do business with Texas." *Johnston,* 523 F3d at 611 (emphasis in original).

General jurisdiction over Netsmartz doesn't exist.

### b. Specific jurisdiction

A federal court has *specific jurisdiction* over a nonresident defendant to adjudicate "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear,* 564 US at 919. It exists "when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel,* 517 F3d at 243, quoting *Panda,* 253 F3d at 868; see also *Seiferth v Helipcopteros Atuneros, Inc,* 472 F3d 266, 271 (5th Cir 2006).

A plaintiff must thus demonstrate two things to establish specific jurisdiction over a non-state defendant— *first,* that minimum contacts exist between the defendant and the state; and *second,* that the harm alleged arises out of or relates to the defendant's forum-related contacts. *Bulkley & Associates LLC v Department of Industrial Relations, Division of Occupational Safety and Health of the State of California,* 1 F4th 346, 351 (5th Cir 2021) (citations omitted); see also *Ford Motor Co v Montana Eighth Judicial District Court,* 141 SCt 1017, 1026 (2021). As to the former, the court must first identify the "universe of possible jurisdictional contacts." *Bulkley,* 1 F4th at 352. As to the latter, a plaintiff bringing multiple claims "must establish specific jurisdiction for each claim." *Seiferth,* 472 F3d at 274.

#### i. Minimum contacts

Proof Analytics hinders clear analysis of its jurisdictional argument because its assertion of minimum contacts lumps all of them together, rather than making distinctions (much less presenting any dated timeline) between its various contractual and tort causes of action.

In any event, it alleges in its original petition that (i) the causes of action "arose in" Harris County, (ii) Netsmartz "had sufficient connection with" Harris

County, (iii) the transaction was "performable in" Harris County, and (iv) Netsmartz "has significant ties to" Harris County. Dkt 1 at 14. As pleaded, these are simply conclusory assertions, which are properly disregarded in the absence of supporting evidence submitted to avert dismissal under Rule 12(b)(2). See *Panda*, 253 F3d at 869.

In its response, Proof Analytics explains nothing with particularity to substantiate its pleaded assertions. See Dkt 12 at 6–7. It instead wholly relies upon reference to an attached declaration from its chief product officer, Kyle Brantley. Dkt 12-1. But that declaration itself nowhere specifies any point at which a Netsmartz employee ever traveled to or was present in Texas, much less ever performed work in Texas. Indeed, the declaration neither discusses formation of the contract nor specifies representations made prior to that agreement.

In essence, the declaration simply explains the way business conversations occurred between Proof Analytics and Netsmartz with respect to performance under the subject contract. Of most pertinence, it states that, while Brantley was in Houston, he "had numerous phone calls" with his "direct contact" at Netsmartz, and that he received "over fifty (50) email exchanges" while working in Houston. Dkt 12-1 at ¶¶2, 6, 9, 10; see also id at 13 (describing contact with one other Netsmartz team member).

Fifth Circuit precedent squarely forecloses the sufficiency of this sort of evidence to establish minimum contacts for specific jurisdiction. For example, in *Moncrief Oil International, Inc v OAO Gazprom*, it held that "an exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." 481 F3d 309, 312 (5th Cir 2007). And even more directly, in *Sangha v Navig8 Ship Management Private Ltd*, it held that "a defendant does not have minimum contacts with a state when it does not have a physical presence in the state, it did not conduct business in the state, and the contract underlying the business transaction was not signed in the state and did

6

not call for performance in the state." 882 F3d 96,103 (5th Cir 2018).

The only other potential contact stated by Proof Analytics in its response is a flat statement that "related IT services" and/or "the custom software" were "to be delivered to" Houston. Dkt 12 at 6, 7. Nothing explains what either of these assertions actually means in the context of an online, connected world. Nor is there any attempt to connect the *delivery* of the services or software to Houston to the cause of action, which complains solely about work that Netsmartz performed either out of its offices in New York or elsewhere in the world via outsourcing. Cf *Hydrokinetics Inc v Alaska Mechanical Inc*, 700 F2d 1026, 1029 (5th Cir 1983) (finding mere agreement to send payments to in-state individual doesn't confer personal jurisdiction).

A defendant's contacts with the forum must be more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *ITL International Inc v Constenla SA*, 669 F3d 493, 498 (5th Cir 2012), quoting *Burger King*, 471 US at 475. Without supporting specification or proof, the conclusory assertions by Proof Analytics with respect to minimum contacts are insufficient.

> ii. Harm arising out of or related to the forum-related contacts

Proof Analytics brings causes of action sounding in both contract and fraud against Netsmartz. In its response, it simply states that "Netsmartz's *contacts with Texas* relate to or gave rise to the operative facts of the litigation and that *those contacts proximately caused its injuries*." Dkt 12 at 7 (emphasis in original). Such assertions are utterly conclusory, with nothing to explain why either is so. Indeed, literally nothing beyond that is said to explain why alleged *contacts* by Netsmartz with Texas caused harm arising under each of its causes of action. But that was its burden. See *Seiferth*, 472 F3d at 274.

7

Consider the causes of action for breach of contract and related declaratory judgment. It's not even clear that a contract was formed with Proof Analytics *as a resident of Texas*, given that the contract itself specifies its principal place of business to be in Arizona—with nothing at all said about Texas. Dkt 1 at 20 (attached contract). But even if the Brantley declaration is assumed to indicate he was in Texas when entering the contract on Proof Analytics, the Fifth Circuit also observes that "merely contracting with a resident of the forum state does not establish minimum contacts." *Danzinger & De Llano, LLP v Morgan Verkamp, LLC,* 24 F4th 491, 500 (5th Cir 2022), quoting *Moncrief,* 481 F3d at 311.

Similar issues pervade the causes of action for fraud and under the DTPA. This is because the controversy alleged by Proof Analytics focuses solely upon services performed by Netsmartz *outside* of Texas. See Dkt 1 at 14–15 (alleging that Netsmartz "was to provide personnel for development of custom software" and then "failed to provide 'personnel,' but instead outsourced the development to non-personnel resources"). Nothing connects any harm arising out of or related to supposed contacts by Netsmartz with Texas. Cf *Goodyear,* 564 US at 919 (stating that specific jurisdiction over nonresident defendant concerns "issues deriving from, or connected with, the very controversy that establishes jurisdiction"); *Trois v Apple Tree Auction Center Inc,* 882 F3d 485 (5th Cir 2018) (specific jurisdiction found to exist over Ohio resident who made specified fraudulent misrepresentations on conference call with Texas resident).

Without supporting specification or proof, the conclusory assertions by Proof Analytics with respect to harm are insufficient.

\* \* \*

Proof Analytics establishes neither minimum contacts by Netsmartz with Texas nor harm arising out of or related to those contacts. As such, specific jurisdiction over Netsmartz doesn't exist.

8

4. Conclusion

The motion by Defendant Netsmartz, LLC, to dismiss for lack of personal jurisdiction is GRANTED. Dkt 5.

Separate grounds as to improper venue and failure to state a claim needn't be addressed.

This action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on September 30, 2024, at Houston, Texas.

*CREskridge*
Hon. Charles Eskridge
United States District Judge